**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JUSTIN BARR,<br>individually and on behalf<br>of all others similarly situated,<br><br>v.<br><br>TOTAL TANK SERVICES, LLC. | Docket No. 5:20-cv-01460<br><br>JURY TRIAL DEMANDED<br><br>PURSUANT TO 29 U.S.C. § 216(b)/<br>FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Justin Barr (Barr) brings this lawsuit to recover unpaid overtime wages and other damages from Total Tank Systems LLC (Total Tank) under the Fair Labor Standards Act ("FLSA").

2. Barr worked for Total Tank as an operator during the relevant time period.

3. Barr regularly worked for Total Tank in excess of forty (40) hours each week.

4. Barr did not receive overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead, Total Tank improperly classified Barr as exempt from the overtime requirements.

6. Total Tank paid Barr a purported salary and additional compensation, such as a day rate and other compensation under the guise of reimbursements.

7. Because of Total Tank's improper deductions from Barr's purported salary and/or all the additional compensation not being reasonably related to the purported salary, Total Tank's purported salary fails the salary basis test.

8. As a result of Total Tank's purported salary failing the salary basis test, Total Tank cannot apply any white-collar exemptions to Barr.

9. The job duties Barr performed as an operator were also those of a non-exempt nature, including manual labor, working outside in the elements, using tools, operating machinery, producing oil or gas, being exposed to hazardous working conditions, and carrying heavy objects.

10. Considering these facts, Total Tank misclassified Barr as exempt.

11. Barr is entitled to hourly pay, overtime, attorney fees, and costs.

12. Barr brings this claim on behalf of himself and all Total Tank employees paid a purported salary and day rate (Putative Class Members).

## II.   JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

15. Total Tank is headquartered in this District and Division in San Antonio, Texas.

## III.   THE PARTIES

16. Barr worked for Total Tank as an operator from approximately mid-2016 through October 2018.

17. Barr worked for Total Tank in New Mexico, North Dakota, and Texas.

18. Barr's consent to be a party Plaintiff is attached as <u>Exhibit A</u>.

19. Barr brings this action on behalf of himself and all other similarly situated workers who were paid a purported salary and a day rate. Total Tank misclassified the Putative Class Members under the FLSA.

20. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former employees of Total Tank who were paid a purported salary and a day rate during the last three years.**

(Putative Class Members).

21. Defendant Total Tank Services, LLC is a Texas Limited Liability Company doing business throughout the United States. Total Tank may be served at 1045 North Central Parkway, Ste. 102, San Antonio, TX 78232, or wherever it may be found.

### IV. COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, Total Tank has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Total Tank has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Total Tank have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Total Tank have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, Barr and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### V. FACTS

26. Total Tank Services, LLC was an oilfield services company that provided services throughout the United States, including in Texas, focusing on completions support.

27. To provide services to their clients, Total Tank employs oilfield personnel.

28. Many of the individuals who worked for Total Tank, were paid a purported salary and day rate, misclassified as exempt employees, and make up the proposed Putative Classes.

29. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees were not paid overtime, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

30. For example, Barr worked for Total Tank as an operator during the relevant time period (in Texas). Throughout his employment with Total Tank, he was classified as an exempt employee and paid a purported salary plus a day rate with additional compensation disguised as reimbursements with no overtime compensation.

31. As an operator, Barr regularly worked more than 40 hours each week without receiving overtime compensation.

32. Generally, Barr estimates he regularly worked over sixty hours each week.

33. As an operator, Barr performed non-exempt job duties including rigging up, maintaining, operating, and rigging down oilfield equipment in order to complete the well.

34. The job functions of Barr and the Putative Class Members were primarily manual labor or technical in nature, requiring little to no official training, much less a college education or other advanced degree.

35. Barr and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

36. Barr and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

37. Barr and the Putative Class Members all regularly worked more than 40 hours in a week.

38. The work Barr performed was an essential and integral part of Total Tank's core business of completing oil and gas wells.

39. Being an oilfield employee for Total Tank does not require specialized academic training as a standard prerequisite.

40. For example, Barr does not have any advanced degree.

41. To the extent the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

42. Instead, the Putative Class Members apply well-established techniques and procedures and use established standards to evaluate any issues.

43. The Putative Class Members are blue collar workers who rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

44. With these job duties, Barr and the Putative Class Members are clearly non-exempt employees under the FLSA.

45. Total Tank does not pay the Putative Class Members overtime for hours worked in excess of 40 in a single workweek.

46. Instead, Total Tank pays these workers a purported base salary plus a daily rate for each day worked in the field. This day rate is not overtime pay, but rather a lump sum payment that must be included in the Putative Class Members' regular rates of pay.

47. The additional compensation Total Tank paid Barr and the Putative Class Members is not reasonably related to their purported salary.

48. Total Tank's purported salary plan does not comply with the FLSA's reasonable relationship requirements.

49. Barr and the Putative Class Members worked for Total Tank in the past three years throughout the United States, including in Texas.

50. As a result of Total Tank's pay policies, Barr and the Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

51. Total Tank keeps accurate records of the hours, or at least the days, its employees work.

52. Total Tank also keeps accurate records of the amount of pay its employees receive.

53. Because Barr (and Total Tank's other employees) were misclassified as exempt employees by Total Tank, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.     FLSA Violations

54. As set forth herein, Total Tank has violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

55. Total Tank knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Barr and the Putative Class Members overtime compensation. Total Tank's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

56. Accordingly, Barr and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII.     COLLECTIVE ACTION ALLEGATIONS

57.     Barr incorporates all previous paragraphs and alleges that the illegal pay practices Total Tank imposed on Barr were likewise imposed on the Putative Class Members.

58.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

59.     Numerous other individuals who worked with Barr indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

60.     Based on his experiences and tenure with Total Tank, Barr is aware that Total Tank's illegal practices were imposed on the Putative Class Members.

61.     The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

62.     Total Tank's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

63.     Barr's experiences are therefore typical of the experiences of the Putative Class Members.

64.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

65.     Barr has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Barr has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

66.     A d collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Total Tank will reap the unjust benefits of violating the FLSA and applicable state labor laws.

68. Furthermore, even if some of the Putative Class Members could afford individual litigation against Total Tank, it would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

70. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Total Tank employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

   b. Whether the Putative Class Members were improperly misclassified as exempt employees;

   c. Whether Total Tank's decision to classify the Putative Class Members as exempt employees was made in good faith;

   d. Whether Total Tank's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   e. Whether Total Tank's violation of the FLSA was willful; and

   f. Whether Total Tank's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

71. Barr's claims are typical of the claims of the Putative Class Members. Barr and the Putative Class Members sustained damages arising out of Total Tank's illegal and uniform employment policy.

72. Barr knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### VIII.  JURY DEMAND

74. Barr demands a trial by jury.

### IX.  RELIEF SOUGHT

75. WHEREFORE, Barr prays for judgment against Total Tank as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Total Tank liable for unpaid back wages due to Barr and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order appointing Barr and his counsel as Class Counsel to represent the interests of the federal law collective;

   d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Carl A. Fitz
Texas Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

cfitz@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**