## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN BARR, | § | |
| Individually and on behalf of all | § | |
| Others similarly situated, | § | |
| Plaintiffs | § | |
| v. | § | Civil No. 5:20-cv-01460-OLG |
| | § | |
| PETROSTAR SERVICES, LLC, | § | |
| TOTAL TANK SERVICES, LLC, | § | |
| Defendants | § | |

### DEFENDANT PETROSTAR SERVICES, LLC'S
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PETROSTAR SERVICES, LLC ("PetroStar"), Defendant in the above-styled and numbered cause and, pursuant to FED. R. CIV. P. 12(b)(6), files this its Motion to Dismiss (the "Motion"), and in support thereof, respectfully states as follows:

### I.
### INTRODUCTION

In this employment lawsuit, Plaintiff Justin Barr, individually and on behalf of all others similarly situated, alleges PetroStar violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") by not including "certain expense reimbursements and per diems" in his regular rate of pay of purposes of calculating overtime compensation. Plaintiff fails to state a claim against PetroStar for which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff's claims against PetroStar are both legally and factually deficient, warranting early dismissal from this Court. For these reasons and as further explained below, this Motion should be granted and Plaintiff's claims against PetroStar should be dismissed in their entirety.

## II.
## FACTUAL BACKGROUND

On or about September 5, 2018, PetroStar, through an asset purchase, purchased certain of Total Tank Systems, LLC's ("Defendant Total Tank") assets.  On or about October 29, 2018, PetroStar officially hired and on-boarded certain personnel from Defendant Total Tank, including Plaintiff.  PetroStar classified Plaintiff, and others in his position, as non-exempt and properly paid them in accordance with the FLSA.  Plaintiff contends that his regular rate of compensation for purposes of calculating overtime should include "certain expense reimbursements and per diems." Pl.'s Compl. ¶ 14.  More specifically, Plaintiff alleges that his regular rate of pay should include payments labeled "Auto Allowance" "AUTO", and/or "PUCC", as such payment for direct expenses were "actually disguised wages." Pl.'s Compl. ¶¶ 74-75, 78.  As such, Plaintiff claims that PetroStar did not properly compensate him at one-and-half times his regular rate for all hours worked in excess of forty (40) in a single workweek.

## III.
## ARGUMENT AND AUTHORITIES

### A.    *Applicable Legal Standard*

Rule 12(b)(6) provides a mechanism for early challenges to a plaintiff's right to recover on a particular set of facts or by a particular cause of action.  FED. R. CIV. P 12(b)(6).  Under well-settled precedent, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007)).  "The plausibility standard is not akin to a

'probability requirement,'" and requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Although the Court must, when reviewing a motion to dismiss, accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  As a result, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

While FED. R. CIV. P. 8(a)(2) requires a plaintiff to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief," the facts pled to provide the requisite notice to a defendant must "nudge[] [a plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009)). Thus, although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citations omitted).

**B.**     ***Plaintiff Fails to State a Claim against PetroStar on Which Relief May be Granted***

As a general rule, the FLSA requires non-exempt employees to be paid "one and one-half times the regular rate of pay" for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a)(1).  An employee's "regular rate of pay" is defined "to include all remuneration for employment paid to, or on behalf of, the employee"; however, there are a number of exclusions from this definition.  Further, the regulations provide a *non-exhaustive* list of reimbursement payments made by an employer to an employee to cover various expenses, which payments are

*not* included in the employee's regular rate of pay.  29 C.F.R. § 778.221.  These illustrations include, among others, travel expenses, meal expenses, expenses incurred in the purchase of supplies, materials, equipment, or cell phone plans on behalf of the employer, and the cost of purchasing and laundering employer-required uniforms.  *Id.* § 778.221(b)(1)-(5).  The regulations are clear that: (1) the list "is intended to be illustrative, rather than exhaustive" and (2) the amounts reimbursed must be actual or approximate, such that they are not disproportionately large.  *Id.* § 778.221(b)-(c).  To the latter point, the regulations instruct that reimbursement amounts are "per se reasonable, and not disproportionately large" if based on the Internal Revenue Service's ("IRS") reimbursement payment or per diem allowance guidance found in 29 C.F.R. § 1.274-5.  *Id.* (emphasis added).

For Plaintiff's FLSA claim against PetroStar to survive this Motion, Plaintiff must offer more than "a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  That is precisely what Plaintiff's First Amended Complaint (the "Complaint") fails to do.  The Complaint merely states that Plaintiff "was paid certain per diem and expense reimbursements that were not included in his regular rate of pay for purposes of calculating his time-and-a-half overtime rate."  Pl.'s Compl. ¶ 73.  The Complaint identifies "Auto Allowance", "AUTO", and "PUCC" as examples of payments that Plaintiff received, but fails to even identify or define what these payments represented.  To allege a plausible claim for relief, Plaintiff must have alleged how each of these categories are somehow "disguised wages", as he contends, and not excluded items as outlined in the regulations.  Instead, the Complaint simply states that Plaintiff was paid such payments and summarily concludes that, as a result, they "should be included in [his] regular rate calculations for overtime purposes."  Pl.'s Compl. ¶¶ 74, 79.

Such a bald conclusion, entirely contradictory to the law, fails to state a cognizable claim against PetroStar on which relief may be granted. *See Berry v. Excel Grp., Inc*., 288 F.3d 252, 253 (5th Cir. 2002) ("The FLSA provides, in pertinent part, that the regular rate of pay <u>does not include</u> 'reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer.'" (emphasis added)) (citing 29 U.S.C. § 207(e)(2)). Because there are so many exclusions to "regular rate" of pay—including many exclusions regarding expense reimbursement specifically—such a statement is not sufficient to state a claim for relief. Providing expense reimbursements and per diem payments to an employee—and not including such amounts in the employee's regular rate of pay—is expressly contemplated by the FLSA and its regulations. *See* 29 C.F.R. § 778.221.

To survive this Motion, Plaintiff must have, at a minimum, alleged that that the many exclusions *do not* apply to him and provided a basis for such an allegation. *See Berry*, 288 F.3d at 254 (per diem properly excluded from the employee's regular rate of pay because it was a "legitimate, reasonable reimbursement of travel expenses" and the employee lived approximately 100 miles from the jobsite). The Complaint fails to even assert that the many exclusions do not apply, let alone provide any legal authority or factual basis as to *why* or *how* the exclusions do not apply. The Complaint makes no attempt to identify or articulate how PetroStar's actions were not entirely consistent with the FLSA and its regulations <u>expressly permitting calculation of regular rate of pay to exclude expense reimbursements and per diem</u>. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6)." *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002) (citing *S. Christian Leadership Conference v. Supreme Court of State of La*., 252 F.3d 781, 786 (5th Cir.)). Thus,

Plaintiff states no claim against PetroStar on which relief may be granted and dismissal is warranted.

### III.
### CONCLUSION AND PRAYER

Plaintiff's claim against Defendant PetroStar cannot survive this Motion. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint fails to even sufficiently plead the elements of his cause of action—much less plausible factual allegations in support. Consequently, dismissal of Plaintiff's claim is proper.

WHEREFORE, Defendant PetroStar Services, LLC respectfully requests that this Court grant its Motion to Dismiss pursuant to FED. R.. CIV. P 12(b)(6) and dismiss Plaintiff's claims against it with prejudice, in their entirety, and grant any other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By:  */s/ Donna K. McElroy*
**Donna K. McElroy**
Texas State Bar No. 13582050
**Katherine A. Zampas**
Texas State Bar No. 24104456
**DYKEMA GOSSETT, PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
Email: dmcelroy@dykema.com
Email: kzampas@dykema.com

**ATTORNEYS FOR DEFENDANT**
**PETROSTAR SERVICES, LLC**

## CERTIFICATE OF SERVICE

       I hereby certify that on March 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**Michael A. Josephson**
mjosephson@mybackwages.com
**Andrew W. Dunlap**
adunlap@mybackwages.com
**Carl A. Fitz**
cfitz@mybackwages.com
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 — Telephone
713-352-3300 — Facsimile

**Richard J. (Rex) Burch**
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 — Telephone
713-877-8065 — Facsimile
rburch@brucknerburch.com

*Counsel for Plaintiff*

**Melissa Morales Fletcher**
**THE MORALES FIRM, P.C.**
6243 W. Interstate 10, Suite 132
San Antonio, Texas 78201
Telephone: (210) 225-0811
Facsimile: (210) 225-0821
Email: Melissa@themoralesfirm.com

*Counsel for Defendant Total Tank Systems, LLC*

                               */s/ Donna K. McElroy*
                               **Donna K. McElroy**