**FILED**

June 17, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  JU

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JUSTIN BARR, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiffs*, | § § | |
| *v.* | § § | No. SA-20-CV-01460-OLG |
| PETROSTAR SERVICES, LLC and TOTAL TANK SERVICES, LLC, | § § § | |
| *Defendants*. | § § | |

## ORDER

On this day, the Court considered Defendant PetroStar Services, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 13) (the "Motion to Dismiss") and both Defendants' Joint Motion to Sever (docket no. 20) (the "Motion to Sever"). Having considered the motions, the parties' briefing, and the applicable law, the Court finds that the Motion to Dismiss should be granted and the Motion to Sever should be denied as moot.

## BACKGROUND

On February 2, 2021, Plaintiff Justin Barr ("Plaintiff") filed the operative complaint in this case. *See* docket no. 6. In this lawsuit, Plaintiff, individually and on behalf of all others similarly situated, alleges that each Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The record demonstrates that Plaintiff was originally employed by Defendant Total Tank Services, LLC ("Total Tank"). Plaintiff alleges that during his tenure of employment with Defendant Total Tank, Total Tank violated the FLSA by wrongfully misclassifying Plaintiff as an exempt employee for the purposes of determining eligibility for overtime compensation. *See* docket no. 6 ¶¶ 42-69. The record further demonstrates that Defendant PetroStar Services, LLC ("PetroStar") purchased certain of the assets of Total Tank in September 2018, and in

October 2018, PetroStar on-boarded certain personnel from Total Tank, including Plaintiff. Plaintiff alleges that during his tenure of employment with Defendant PetroStar, PetroStar violated the FLSA by not including "certain expense reimbursements and per diems" in his regular rate of pay of purposes of calculating overtime compensation. *See id*. at ¶¶ 70-80.

On March 19, 2021 Defendant PetroStar filed the instant Motion to Dismiss. *See* docket no. 13. The Motion to Dismiss asserts that—although Plaintiff generally contends that certain expense payments were "actually disguised wages" that should have been included in Plaintiff's "regular rate" of pay for the purposes of determining overtime compensation—Plaintiff has failed to make any factual allegations demonstrating that such payments were not properly excluded expenses under the FLSA. *See id*. Plaintiff filed a response to the Motion to Dismiss on April 2, 2021, and PetroStar filed a reply brief in support of its motion on April 9, 2021. *See* docket nos. 15 & 16.

On May 10, 2021, Defendants jointly moved to sever Plaintiff's claims against PetroStar from those asserted against Total Tank. *See* docket no. 20. The Motion to Sever generally argues that—in the event Plaintiff's claims against PetroStar are not dismissed outright—Defendants will be prejudiced if Plaintiff's two distinct FLSA theories against two distinct Defendants are tried together. *See id*. On May 24, 2021, Plaintiff filed a brief in response to the Motion to Sever, in which Plaintiff contends that PetroStar is the successor entity to Total Tank, and thus, that PetroStar is liable for any wrongdoing by Total Tank. *See* docket no. 25. On that basis, Plaintiff contends that severance would be inefficient and inappropriate. *See id*. On June 1, 2021, Defendants filed a reply brief in support of their severance motion. *See* docket no. 26.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a), a complaint is considered well pled if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a) is considered in conjunction with Fed. R. Civ. P. 12(b)(6), which provides that a complaint may be dismissed if it "fails to state a claim upon which relief can be granted." Courts apply these rules through the two-part process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of all facts alleged in the complaint, it fails to state a "claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order to state a plausible claim to relief, the complaint must include "allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Those allegations may be "either direct or inferential." *Id.* In applying Rule 12(b)(6), the Court must distinguish between pleadings of fact, which are presumed as true, and statements of legal conclusion, which are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 679. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265 (1986)). Throughout the Rule 12(b)(6) analysis, "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Morgan v. Swanson*, 659 F.3d 359, 370 n.17 (5th Cir. 2011) (en banc) (quoting *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005)). As a general rule, the Court is limited to considering the contents of the pleadings and the attachments thereto when analyzing a motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6); *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

**DISCUSSION**

Having reviewed Plaintiff's operative complaint and the parties' briefing, it is apparent that Plaintiff's existing allegations fail to satisfy the requisite pleading standard with respect to Plaintiff's claim(s) asserted against Defendant PetroStar.

As a general rule, the FLSA requires non-exempt employees to be paid "one and one-half times the regular rate" of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1). An employee's "regular rate" of pay is defined "to include all remuneration for employment paid to, or on behalf of, the employee"; however, there are a number of exclusions from this definition. *See id*. at § 207(e). Notably, the regulations provide a non-exhaustive list of reimbursement payments made by an employer to an employee to cover various expenses, which payments are not included in the employee's regular rate of pay. *See id.*; 29 C.F.R. § 778.217. These amounts include, among other expenses, travel expenses, meal expenses, expenses incurred in the purchase of supplies, materials, equipment, or cell phone plans on behalf of the employer, and the cost of purchasing and laundering employer-required uniforms. 29 C.F.R. § 778.217(b)(1)-(5). The regulations are clear that the list "is intended to be illustrative, rather than exhaustive." *Id*.

As PetroStar's Motion to Dismiss highlights, Plaintiff's allegations merely identify "Auto Allowance," "AUTO," and "PUCC" payments that Plaintiff summarily contends were "disguised wages" that "should be included in [Plaintiff's] regular rate calculations for overtime purposes." Docket no. 6 ¶¶ 74, 78-79. But as noted above, the FLSA expressly contemplates that certain reimbursements (such as those incurred for travel) are meant to be excluded from the regular rate of pay calculation, and Plaintiff fails to allege that those permitted exclusions are inapplicable with respect to the payment amounts highlighted in the complaint. Indeed, Plaintiff's allegations do not raise any inference that PetroStar's failed to comply with the FLSA by excluding the amounts highlighted in the complaint, and Plaintiff's bare belief that the amounts should not have been

excluded is insufficient to satisfy the federal pleading standard. Notably, although this point was discussed in detail in PetroStar's Motion to Dismiss, Plaintiff's response ignores the substance of this argument and instead includes several pages of wholly unrelated discussion regarding the issue of conditional certification. *See* docket no. 15. In sum, Plaintiff's allegations do not raise a plausible inference that PetroStar's exclusion of certain reimbursements violated the FLSA. Accordingly, Plaintiff's theory of relief against PetroStar—at least as presently alleged—fails to state a claim upon which relief may be granted. Thus, Plaintiff's articulated claim against PetroStar must be dismissed.

Although the argument is not discussed in detail in the briefing on the Motion to Dismiss, the Court also notes that Plaintiff's other briefing in the case asserts that Defendant PetroStar is liable for Defendant Total Tank's FLSA violations (involving the alleged misclassification of employees) under a theory of successor liability. *See* docket no. 25. Plaintiff's operative complaint does not explicitly plead successor liability, nor does it allege facts that would allow the Court to draw a plausible inference that PetroStar is liable for Total Tank's purported FLSA violations.[1] Accordingly, the Court finds that Plaintiff's operative complaint does not plausibly allege a claim against PetroStar premised on successor liability related to Total Tank's conduct.

Notwithstanding the above, the Court finds it inappropriate to dismiss Plaintiff's claims against PetroStar *with prejudice*, as PetroStar requests. Although Plaintiff's existing allegations are plainly deficient, the Court has not concluded *with certainty* that Plaintiff would be unable to assert a plausible claim for relief against PetroStar if Plaintiff is afforded an opportunity to file a

---

[1] A plaintiff wishing to pursue a claim under a theory of successor liability must demonstrate: "(1) a substantial continuity of business operations from the previous entity to its successor; (2) notice to the successor; and (3) the successor's ability to provide relief." *See Allen v. Priority Energy Servs., LLC*, No. 7:16-CV-47- DAE, 2017 WL 11037104, at \*15 (W.D. Tex. Sep. 1, 2017); *Powe v. May*, 62 F. App'x 557 (5th Cir. 2003).

*final* amended complaint. Accordingly, although Plaintiff's claim(s) against PetroStar are subject to dismissal, such dismissal will be without prejudice to Plaintiff refiling an amended claim (or claims) against PetroStar. However, any such amendment should be filed *only if Plaintiff is able to cure the various deficiencies highlighted in this Order.*[2]

Finally, in light of the Court's conclusion that each of Plaintiff's claims against PetroStar is presently subject to dismissal, Defendants' Joint Motion to Sever—in which Defendants request that the claims against PetroStar be severed from the claims against Total Tank—is now moot. Accordingly, the Motion to Sever will be denied as moot, but also without prejudice to any party seeking similar relief on another occasion if doing so is appropriate at that time.

**CONCLUSION AND ORDER**

For the reasons set forth above, Defendant PetroStar's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 13) is **GRANTED**, and Plaintiff's claims against PetroStar are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within fourteen (14) days of the date of this Order, but *Plaintiff should only do so if he is able to specifically cure the defects set forth in this Order*. In the event no amended complaint is filed in the time period provided, Plaintiff's action will proceed only against Defendant Total Tank Services, LLC. Finally, in light of the above dismissal of Plaintiff's claims against Defendant PetroStar, Defendants' Joint Motion to Sever (docket no. 20) is **DENIED AS MOOT**.

It is so **ORDERED**.

**SIGNED** this _17th_ day of June, 2021.

ORLANDO L. GARCIA
Chief United States District Judge

---

[2] Any amended complaint should not again merely rely on conclusory legal assertions. For example, Plaintiff must allege *specific* facts about the challenged reimbursement amounts sufficient to raise a plausible inference that the reimbursements were not intended to be covered by the allowable exclusions that are permitted under the FLSA.